# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-20485-BLOOM

| | |
|---|---|
| In re: | Case No. 20-20230-RAM |
| | CHAPTER 15 |
| Premier Assurance Group SPC Ltd., | |
|     Debtor. | |
| _____/ | |
| Insigneo Financial Group LLC, | Adv. Proc. No. 21-01221-RAM |
|     Plaintiff, | |
| v. | |
| Premier Assurance Group LLC, | |
| Premier Assurance Group SPC LTD., and | |
| Does 1 Through 10, Inclusive, | |
|     Defendants. | |
| _____/ | |

## ORDER ON MOTION TO WITHDRAW REFERENCE

**THIS CAUSE** is before the Court upon Premier Assurance Group LLC's ("Premier") Motion to Withdraw Order of Reference, ECF No. [1] ("Motion"). Jeffrey Stower and Jason Robinson, Joint Official Liquidators and Foreign Representatives of Debtor-Defendant Premier Assurance Group SPC Ltd. ("Debtor"), filed a Response in Opposition to the Motion. ECF No. [2-3]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied without prejudice.

### I. BACKGROUND

On September 22, 2020, Debtor commenced a Chapter 15 proceeding in the United States Bankruptcy Court for the Southern District of Florida, Case No. 20-20230-RAM ("Chapter 15 Case"). On July 1, 2021, Insigneo Financial Group LLC ("Insigneo") filed a Complaint for

Interpleader against Premier and Debtor (collectively, "Defendants"), Adv. Proc. No. 21-01221-RAM ("Adversary Proceeding"). In the Complaint for Interpleader, ECF No. [2-2] at 7-11, Insigneo alleged that it "has a real and reasonable fear of liability for vexatious, conflicting claims" between Premier and Debtor regarding certain disputed funds and "is not in a position to safely determine which party's claim to the Disputed Funds is meritorious without great hazard and possible multiple liability." *Id.* at 9, ¶ 15.

On October 8, 2021, Premier filed a Motion to Dismiss for Lack of Jurisdiction; Failure to Join Party, *id.* at 86-87 ("Motion to Dismiss"). On December 8, 2021, the Bankruptcy Court denied the Motion to Dismiss, concluding that it "has subject matter jurisdiction of this proceeding under 28 U.S.C. § 1334(b), and Premier Assurance Segregated Portfolio Puerto Rico SAP is not an indispensable party." *Id.* at 418. Thereafter, in accordance with the Bankruptcy Court's Order, Premier filed its Answer and Affirmative Defenses (with Demand for Jury Trial), *id.* at 430-35 ("Answer"), on December 27, 2021.

On December 23, 2021, Insigneo filed a Motion for Final Judgment in Interpleader, *id.* at 602-05 ("Motion for Final Judgment"), requesting, in relevant part, that the Bankruptcy Court enter final judgment in favor of Insigneo and against the Defendants on the Complaint for Interpleader and release and discharge Insigneo from any liability to the Defendants. *Id.* at 603. On January 12, 2022, Premier filed an Objection to Entry of Final Order and Judgments, *id.* at 610-12, arguing that to the extent the Adversary Proceeding is "an avoidance action disguised as a Rule 22 Interpleader . . . then [it] is entitled to a trial by jury on such matters and does not consent to the same before [the Bankruptcy] Court." *Id.* at 611. On February 2, 2022, the Bankruptcy Court entered Final Judgment in Interpleader, *id.* at 632-34 ("Final Judgment").

In the instant Motion, Premier maintains that the Adversary Proceeding is "a *de facto* fraudulent transfer action by [Debtor] against [Premier]" and it is therefore "entitled to a trial by jury — which has been demanded in [its] Answer." ECF No. [1] at 4-5. Premier does not consent to a jury trial before the Bankruptcy Court and argues that "given that the District Court may inevitably preside over the trial of the Adversary Proceeding, the District Court should be given the opportunity to develop the contours of the Case by deciding the pretrial matters." *Id.* at 6-7. Debtor opposes the Motion. *See generally* ECF No. [2-3].

## II. LEGAL STANDARD

"A district court 'may withdraw, in whole or in part, any case or proceeding referred to the Bankruptcy Court . . . for cause shown.'" *In re Armenta*, No. 13-15047-BKC-RBR, 2013 WL 4786584, at *1 (S.D. Fla. Sept. 6, 2013) (quoting 28 U.S.C. § 157(d)) (alteration adopted). Congress has not provided a definition or explanation of the "cause" required for permissive withdrawal under 28 U.S.C. § 157(d), but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). "In determining whether cause exists, a district court should consider goals such as: (1) uniformity in bankruptcy administration; (2) decreasing forum shopping; (3) efficient use of resources of the courts and the parties; and (4) the avoidance of delay." *Armenta*, 2013 WL 4786584, at *1 (citing *Dionne v. Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) and *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004)). "The district court should also examine whether a jury demand has been made and whether the claims are core or non-core." *Id.*[1] (citing *Holmes*, 315 F. Supp. 2d at

---

[1] "The core/non-core dichotomy delineates proceedings between those arising under Title 11 and all other claims." *In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *3 (S.D. Fla. May 30, 2008) (citations omitted); *see also In re Toledo*, 170 F.3d 1340, 1349 (11th Cir. 1999) ("If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding.").

1381). The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. *See In re Fundamental Long Term Care, Inc.*, No. 8:11-BK-22258-MGW, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998)).

**III. DISCUSSION**

Premier maintains that the withdrawal is appropriate because it "has demanded a trial by jury and has not consented to the trial before the Bankruptcy Court, coupled with the fact that the nature of this action is truly a *de facto* fraudulent transfer action by [Debtor.]" ECF No. [1] at 6. Stated differently, "the matter is noncore as it does not involve bankruptcy estate property and is an action by the [Debtor] for monetary relief[.]" *Id.* Premier further argues that withdrawing the reference "will undoubtedly promote judicial economy and preserve judicial resources" because this Court "may inevitably preside over the trial of the Adversary Proceeding." *Id.* at 7.

In response, Debtor maintains that the Motion should be denied because: "(1) the Motion fails to comply with the Local Rules, providing this Court with no record of the proceeding that it seeks to withdraw;" (2) "the Motion is premature" because Defendants have not yet filed cross-claims[2] and the Bankruptcy Court should determine whether Premier is entitled to a jury trial; and (3) "Premier LLC cannot establish sufficient 'cause' for immediate withdrawal of the reference." ECF No. [2-3] at 2.

Upon review, the Court is not persuaded that withdrawal is appropriate at this early stage of the Adversary Proceeding. As an initial mater, "the determination of whether a matter is core or non-core 'should first be made by the Bankruptcy Court.'" *In re Westward Ho II, LLC*, No. 8:15-CV-653-T-33, 2015 WL 1927513, at *2 (M.D. Fla. Apr. 28, 2015) (quoting *In re Fundamental*

---

[2] Based on the Court's review of the record in the Adversary Proceeding, Defendants filed their respective claims to the disputed funds on March 7, 2022.

4

*Long Term Care, Inc.*, No. 8:11-Bk-22258-MGW, 2014 WL 2882522, at *2 (M.D. Fla. June 25, 2014)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under [T]itle 11."); *In re Palm Beach Fin. Partners, L.P.*, No. 09-36379-PGH, 2013 WL 3490652, at *4 (S.D. Fla. July 8, 2013) ("[T]he bankruptcy court can, and should, initially determine whether it has the constitutional authority to render a final judgment on a particular issue."). Neither party has argued, nor does the record reflect, that the Bankruptcy Court has determined whether the Adversary Proceeding is a core or non-core proceeding. As such, the Court will not consider this factor in analyzing whether withdrawal is appropriate.

Nonetheless, even if Premier was entitled to a trial by jury in the Adversary Proceeding, "such right does not preclude the Bankruptcy Court from hearing a proceeding up to and including the point of ruling on summary judgment." *Westward*, 2015 WL 1927513, at *4 (citation omitted); *see also Stein v. Miller*, 158 B.R. 876, 880-881 (S.D. Fla. 1993) (holding that defendants in adversary proceeding were not entitled to withdrawal of reference to have case dispositive motion decided by district court). For example, in declining to withdraw a bankruptcy referral until the adversary proceeding required a jury trial, the Court in *Armenta* determined that "[t]he interests of efficiency and uniformity weigh in favor of denying [the] motion to withdraw reference, notwithstanding [the] demand for a jury trial." *Armenta*, 2013 WL 4786584, at *2. Specifically, the *Armenta* Court explained:

> The Bankruptcy Court is already familiar with this adversary proceeding and the bankruptcy case to which it relates, and is well capable of supervising discovery and other pretrial matters. Moreover, the adversary proceeding is in its early stages, having been filed just over two months ago and with a motion to dismiss currently pending before the Bankruptcy Court. Therefore, the Court finds that withdrawal

of the reference for trial is presently premature, and will be appropriate only if and when this adversary proceeding becomes ready for a jury trial.

*Id.*; *see also In re Rothstein, Rosenfeldt, Adler, P.A.*, No. 11-62612-CIV, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012) ("Withdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and leading to an inefficient allocation of judicial resources." (citations omitted)).

Importantly, even when courts in this District have elected to withdraw bankruptcy referrals, they have customarily allowed the Bankruptcy Court to conduct all pre-trial matters. *See, e.g.*, *In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *4 (S.D. Fla. May 30, 2008) (withdrawing bankruptcy referral "for the sole purpose of Court conducting a jury trial and allowing the Bankruptcy Court to conduct all pre-trial matters, including any dispositive motions."); *In re Aurora Cap., Inc.*, No. 12-61421-CIV, 2013 WL 2156821, at *2 (S.D. Fla. May 17, 2013) (withdrawing bankruptcy referral "only for the purposes of jury trial, and leav[ing] the refence intact as to all pretrial matters.").

Based on the foregoing, the Court declines to withdraw the reference at this early juncture of the proceedings. The Adversary Proceeding should properly remain in the Bankruptcy Court for the disposition of all pre-trial matters, including discovery and any dispositive motions. Should the Bankruptcy Court determine that it lacks constitutional authority to render a final judgment on a particular claim, Premier may file a Renewed Motion to Withdraw Reference at that time.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [1]**, is **DENIED** without prejudice.
2. The Clerk of Court shall **CLOSE** this case.

Case No. 22-cv-20485-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record